HIRAM BAGGETT v. C. J. SMITH AND C. H. SEXTON, TRUSTEES OF THE
ESTATE OF SARAH M. ANDREWS, AND E. F. YOUNG, TRUSTEE.

(Filed 28 October, 1925.)

**1. Estates—Wills—Trusts—Contingent Interests—Vested Rights—Executors and Administrators.**

A devise of an estate in trust for the testator's son and wife for life
and to the testator's grandchildren of the marriage until the youngest
child becomes 21 years of age, with certain contingent limitations over to
their children, but in the event of the death of such grandchild or grand-
children in the lifetime of their parents, the others surviving should take
their interest: *Held*, the testator's grandchildren acquired a vested in-
terest in the estate at the time of the testator's death, the future enjoy-
ment of the possession of which was fixed at the coming of age of the
youngest child; and the trustee could convey a fee-simple title.

**2. Judgments—Estoppel—Process—Partition—Defects Cured.**

A defect of service of summons on a mental incompetent in proceed-
ings to sell lands to make assets, may be cured by thereafter aptly and
in due time moving in the cause and curing the defects, and the question
of mental capacity thus concluded by the judgment of the court will
become final by failure to appeal therefrom.

**3. Deeds and Conveyances—Warranty—Breach—Damages.**

In order to maintain an action on a breach of warranty in a deed, the
complainant must show his eviction or some injury in respect to the title
conveyed to him, before action commenced.

**4. Same.**

Under an executor's deed to lands without a warranty, the grantee
cannot recover as damages against him an amount he claims to have
lost by reason of defective title and his consequent failure to sell
to another at a profit.

APPEAL by plaintiff from *Lyon, J.,* at March Special Term, 1925,
of HARNETT. Affirmed.

By virtue of a judgment of the Superior Court of Harnett County
rendered at the September Term, 1920, in an action entitled "George E.
Prince, surviving executor of Sarah E. Andrews, deceased, v. James
C. Andrews, Rory Andrews, and J. C. Andrews, Jr.," said George E.
Prince as surviving executor executed and delivered to the plaintiff a
deed in fee for a tract of land containing 823 acres at the price of
$20,000. The plaintiff paid $3,000 in cash and executed bonds for the
remaining $17,000 and secured their payment by a deed of trust on the
land, in which E. F. Young was named as trustee. The plaintiff alleges
that the deed from Prince, executor, and the proceeding authorizing its
execution represented the title to be good, but it was defective in that
Rory Andrews, an heir at law of Sarah Andrews, had not been served

with process and had not consented to the sale; and further, that said Rory was not of sufficient mental capacity to attend to his ordinary business affairs and had not been represented by a guardian; and that the plaintiff filed a petition and motion in the proceeding above referred to for the purpose of curing the alleged defects. Plaintiff asks that the deed executed to him by Prince, executor, be canceled, that the bonds and the cash payment of $3,000 be returned to him, and that there be an accounting in which he shall be credited with improvements and charged with rents and profits.

The defendants (Smith and Sexton having been appointed trustees after the death of George E. Prince) filed an answer admitting certain allegations, denying others, and praying judgment for the amount due on the bonds and for a foreclosure of the deed of trust. Upon the hearing the plaintiff's cause of action was dismissed and judgment was given in favor of the defendants for $17,000, with interest, and for a sale of the land for foreclosure. The plaintiff excepted to the judgment and appealed.

*Charles Ross and Biggs & Broughton for plaintiff.*
*Clifford & Townsend for defendants.*

ADAMS, J. The plaintiff contends that the deed executed to him by George E. Prince as surviving executor on 18 September, 1920, did not convey a perfect title by reason of irregularities in the special proceeding by which the deed was authorized. In the will of Sarah M. Andrews are the following items:

(1) It is my will and desire and direction that my executors shall hold and retain possession of all of my property of every kind and description during the lifetime of my son Joseph and his wife, Janie C. Andrews, and until their youngest child shall become twenty-one years of age. During said period my said executors are to have power to make such changes in my personal estate as in their judgment may be necessary and proper. They may collect my securities when they mature and reinvest the amount so collected as they may deem proper and necessary for the best interest of my estate, and they are to use such sum from the income of my estate as may be necessary to protect and care for the same and meet all lawful charges against the same.

(2) It is my will, desire and direction that my executors shall pay over to my son Joseph so much of the net income from my estate as may be necessary to support himself and family, and in case of his death before his wife, then she and her children, that is to say, the children of my son Joseph, are to receive out of the net income from

my estate such amount from time to time as may be necessary for their maintenance and support. After the death of my son and his wife, then their children are to be provided with a support out of said income until the youngest shall become of age.

(3) It is my will, however, and direction that after the death of my son and his wife, each child shall receive the sum of one thousand dollars, when such child shall become of age, and my executors are directed to provide for the education of my son's children before they come of age. While it is my intention that my executors shall decide how much of the income from my estate shall be necessary to be expended from time to time for the support of my son and his family, I yet desire and direct that they provide for the comfort, support and reasonable pleasure of him and his family. After my executors shall have paid out of the income from my estate all the sums directed by me to be paid in this will, they are to add any balance remaining in their hands to the principal at the end of each year, and said executors to make annual returns and reports to the proper officials so long as my estate shall remain in their hands.

(4) After the death of my son Joseph and his wife, and when thereafter his youngest child shall become of age, then I give, bequeath and devise all of my estate then remaining, both real and personal, unto the children of said Joseph C. Andrews, or the lawful heirs of any deceased child, to have and to hold to them and their heirs absolutely in fee simple forever, to be divided amongst said children and the heirs of any deceased child as provided by the laws of the State.

Joseph C. Andrews died 7 March, 1920, leaving surviving him his widow and two children, Rory and Joseph C. Andrews, Jr. Judge Devin's judgment authorizing a sale of the land to the plaintiff was rendered 6 September, 1920; and in the proceeding Joseph C. Andrews, Jr., the only minor, was represented by a guardian *ad litem,* and according to a recital in the judgment Rory Andrews had been duly served with process by publication.

It is said that until the death of Janie C. Andrews, the life tenant, and until the younger of the two children shall have reached the age of twenty-one, it cannot be known who will take under the will, whether Rory and Joseph, or the heirs of one of them or of both. Evidently, however, the testatrix did not intend to create such a contingency. She directed the executors to retain possession of all her property during the life of her son and his wife and during the minority of their youngest child, and devised the land in controversy to the children of her son after his death and the death of his wife, deferring the children's actual possession, however, until the youngest child should

arrive at the age of twenty-one years. If either of the children had died during the lifetime of the father and mother his interest would have gone to his lawful heirs by express direction.    In *Ziegler v. Love,* 185 N. C., 40, we had occasion to say: "Estates considered with regard to their certainty and to the time when they may be enjoyed are distinguished as vested and contingent.   When there is an immediate fixed right of present or future enjoyment an estate is vested—vested in possession when there exists a right of present enjoyment, and vested in interest when there is a present right of future enjoyment."   In effect the executors were made trustees to preserve the estate in which the children acquired a vested interest in the sense of a present right of future enjoyment—the clause, "When thereafter his youngest child shall become of age," merely indicating the time fixed for the future enjoyment of the vested interest.

The plaintiff also contends that Rory Andrews was not properly made a party to the special proceeding and that his interest in the land was not thereby affected; and, moreover, that he was mentally incompetent when the proceeding was instituted.   In reference to this objection the record discloses these facts:   Some time after Judge Devin had ordered that the land be sold to the plaintiff (6 September, 1920), the plaintiff filed a petition in the Superior Court to have certain alleged defects in his title cured or the conveyance set aside.   Judge Allen made an order (November Term, 1922) that the trustees, C. J. Smith and C. H. Sexton, and Janie C. Bell (Andrews), Rory Andrews and J. C. Andrews, Jr., appear on 20 November, 1922, and answer the plaintiff's petition, declaring their interest if any in the land.   J. L. Hatcher was appointed guardian *ad litem* of J. C. Andrews, Jr., and an answer and a reply were duly filed.   The reply called in question the mental capacity of Rory Andrews and at the November Term, 1923, a guardian *ad litem* was appointed to represent his interest.   One year afterward (November Term, 1924) the cause again came on for hearing before Judge Devin and he found as a fact that the sale of the land made by George E. Prince, executor, under a decree of the court was for the benefit of all the parties, including Rory Andrews, and thereupon adjudged that the sale made to the plaintiff by George E. Prince, executor, be again ratified, approved, and confirmed.   From this judgment there was no appeal. The plaintiff, then, has the final judgment of a court of competent jurisdiction rendered in an action in which all who had an interest adverse to his were made parties; also a deed from Rory Andrews for his interest in the land, dated 13 November, 1922, expressly affirming and assenting to the deed executed by George E. Prince, executor.

It is finally contended by the plaintiff that the maker of his deed knew he was buying the land for the purpose of developing and selling it; that after making improvements thereon he was offered $22,500 for it and that he was unable to make the sale by reason of a claim asserted by Rory Andrews. It appears, however, that there is no warranty of title in the plaintiff's deed; that the grantor was acting in the capacity of surviving executor, and executed the deed under a judgment of the Superior Court. Besides all this, even if there had been a warranty there is no evidence that the plaintiff has been evicted, or that his possession has been disturbed. *Lockhart v. Parker,* 189 N. C., 138, 143; *Cover v. McAden,* 183 N. C., 641, 644; *Cedar Works v. Lumber Co.,* 161 N. C., 614; *Griffin v. Thomas,* 128 N. C., 310.

We see no sufficient cause to disturb the judgment and it is hereby Affirmed.